**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MOEZ DHIB,                                              Civil Action No. 26-5198 (ZNQ)

        Petitioner,

   v.                                                       **OPINION**

LUIS SOTO, *et al.*,

        Respondents.

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's amended habeas petition challenging his ongoing immigration detention. (ECF No. 6.) Following an order to answer, the Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) Also before the Court is Petitioner's motion seeking release on bail pending final relief in this matter. (ECF No. 9.) For the following reasons, Petitioner's habeas petition shall be granted, Petitioner shall be accorded with a bond hearing at which the Government bears the burden of proof by clear and convincing evidence within ten days, and Petitioner's motion seeking release pending final relief in this matter shall be denied without prejudice.

I.    **BACKGROUND**

Petitioner is a native and citizen of Tunisia. (ECF No. 7-1 at 1.) On June 4, 2022, Petitioner crossed the southern border of the United States without admission or inspection. (*Id.* at 2.) U.S. Border Patrol officers encountered Petitioner shortly after he crossed the border and took him into custody. (*Id.*) Petitioner was processed for expedited removal, but expressed a fear of persecution

if returned to his home country, and was therefore referred for removal proceedings. (*Id.*) On July 22, 2022, Petitioner was released from immigration custody on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). (ECF No. 6-1 at 1.) Petitioner thereafter remained in the United States on parole until February 15, 2026, when he was taken back into custody. (ECF No. 7-1 at 2.) Although Petitioner was ordered removed on March 25, 2026, Petitioner filed an appeal of that decision with the Board of Immigration Appeals which remains pending at this time. (*See* ECF No. 7-6; ECF No. 7 at 2.) Petitioner is thus not currently subject to a final removal order.

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    <u>DISCUSSION</u>

In this matter, Petitioner contends that his continued detention under 8 U.S.C. § 1225(b) is unlawful. The Government instead argues that he remains subject to § 1225(b)(1) in light of the circumstances of his initial detention and parole. As this Court has previously explained,

> Aliens who attempt to enter the United States illegally and who are detained shortly after making an unlawful crossing of the border are "treated as an applicant for admission" and are subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). As the Third Circuit has explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of aliens are subject to [detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are

> inadmissible due to misrepresentation or lack of immigration papers: (1) aliens 'arriving in the United States,' and (2) aliens 'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border." *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution should they be deported, in which case they are referred for further proceedings regarding their expressed fear. *Id.* Aliens who are taken into custody under § 1225(b)(1) are subject to mandatory detention throughout their removal and credible fear proceedings, though the Government may in its discretion temporarily parole such aliens into the United States "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Detention under the statute remains mandatory until the conclusion of the alien's removal proceedings, after which an alien would have a final order of removal, and detention under § 1225(b)(1) ends. *Id.* at 300-03.

*Arcos Tasigchana v. Soto*, No. 25-18252, 2026 WL 266170, at *1 (D.N.J. Feb. 2, 2026).

Aliens detained shortly after crossing the border under 8 U.S.C. § 1225(b)(1) are therefore subject to mandatory detention throughout their removal proceedings, and are generally not entitled to release unless the Government chooses to parole them. *Id.* The parole statute, 8 U.S.C. § 1182(d)(5)(A), provides that an alien who is paroled "shall forthwith return or be returned to the custody from which he was paroled" when the Government determines that parole is no longer warranted, and will continue to be subject to mandatory detention for the remainder of their removal proceedings when so returned. *Arcos Tasigchana*, 2026 WL 266170 at *1-2.

As Petitioner was taken into custody by immigration officials shortly after crossing the border and was thereafter paroled, he remains properly subject to § 1225(b)(1) following the Government's decision to return him to custody, and is not entitled to a bond hearing under that statute. *See id.*; *see also Jennings*, 583 U.S. at 297 (until the relevant proceedings under § 1225(b) end "nothing in the statutory text imposes any limit on the length of detention"). To the extent

Petitioner seeks to challenge the Government's decision to end his parole and return him to custody, this court lacks jurisdiction to review that discretionary determination. *Arcos Tasigchana*, 2026 WL 266170 at *2; *see also Ashish v. Att'y Gen.*, 490 F. App'x 486, 487 (3d Cir. 2013) (citing 8 U.S.C. §§ 1182(d)(5)(A) & 1252 (a)(2)(B)(ii)).

Although Petitioner is subject to mandatory detention under § 1225(b)(1), Petitioner also argues that his prolonged detention without bond violates his rights to Due Process. As this Court recently explained,

> Although aliens subject to detention under § 1225(b)(1) "have only those rights regarding admission that Congress has provided by statute" and the Due Process clause does not provide for detailed review of those statutory proceedings, *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020), it does not follow that the Due Process clause is silent as to the rights of aliens to liberty following prolonged detention, especially where that alien was previously permitted to be at liberty on parole for a considerable period.
>
> Courts in this District have long presumed that aliens subject to prolonged detention under the statute have a liberty interest in release from detention which requires a bond hearing. *See, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019). In so doing, courts have analogized mandatory detention under 1225(b) to the similar mandatory detention required for aliens who have qualifying criminal convictions under 8 U.S.C. § 1226(c). *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-13 (3d Cir. 2020). In *German Santos*, the Court of Appeals held that where an alien is subject to prolonged detention under the statute, that detention will eventually reach a point where it essentially becomes arbitrary in light of the purposes and presumptions underlying the statute. *Id.* In the context of those with criminal convictions subject to detention under § 1226(c), detention "becomes more and more suspect after five months and in most cases will become "unreasonable sometime between six months and one year." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433-34 (3d Cir. 2026). Once the length of detention becomes suspect, a reviewing court must consider the length of detention and likelihood of lengthy continued condition, the similarity of Petitioner's conditions of confinement to criminal detention, and the Petitioner's responsibility for the length of his

own detention in determining whether detention has become arbitrary in light of the purposes of § 1226(c). *German Santos*, 965 F.3d at 211. Where those factors indicate that detention has become arbitrary, the alien is entitled to a bond hearing at which the Government bears the burden of proving that further detention is necessary by showing that the Petitioner is a danger or flight risk by clear and convincing evidence. *Id.* at 213-14.

This Court agrees that, at a certain point, detention under § 1225(b)(1) will become so prolonged that it becomes arbitrary and Due Process will require a bond hearing. *Tuser E.*, 370 F. Supp. 3d 442-43. The question that remains, then, is at what point detention will become suspect. Although in the § 1226(c) context, detention will become arbitrary only after cresting five months, that length of time is based on the concept that the court can essentially presume that an alien convicted of qualifying crimes is a flight risk or danger to the community for the length of time it ordinarily would take to complete removal proceedings. *German Santos*, 965 F.3d at 209-10. The alien's criminal history is in that context providing the basis for the presumption which places a limits on his liberty interests in the § 1226(c) context.

Aliens detained under § 1225(b)(1) are not held based on a criminal history[.] The statute instead relies chiefly on the presumption that an alien with no clear right to admission into the United States is a flight risk and may therefore be detained for the relatively limited period of time required for him to receive an *expedited* order of removal. *See, e.g.,* 8 U.S.C. § 1225(b)(1)(A). Such proceedings are clearly intended to be considerably shorter than the general removal proceedings to which criminal aliens already in the United States are subject under § 1226(c), and the presumptive basis for mandatory detention under the statute is considerably weaker than that applicable to criminal aliens as it is based solely on the lack of legal status rather than past misdeeds. It therefore follows that detention under § 1225(b)(1) should become suspect far sooner than detention under § 1226(c).

*Martinez Olivo v. Soto*, No. 26-2122, 2026 WL 1265500, at *2-3. In light of the lesser justification for prolonged detention under § 1225(b)(1), this Court has found that detention in a jail-like detention facility for as little as three months following a lengthy period of parole within the United States is sufficient to warrant the granting of a bond hearing. *Id.*

Like the petitioner in *Martinez Olivo*, Petitioner in this matter has been detained in a jail-like detention facility for several months after a lengthy period of parole without any evidence of criminality or other parole violations. Although Petitioner has been ordered removed by an immigration judge, he has appealed that decision, and that appeal – and Petitioner's detention absent action by this Court – is not likely to resolve for several more months. Nothing in the record suggests that Petitioner has in any way delayed or prolonged his removal proceedings.

In light of these facts, this Court finds that Petitioner's detention is sufficiently prolonged that the presumption that his lack of status renders him a flight risk is no longer sufficient to satisfy Due Process as a basis for continued detention without bond. Petitioner's continued mandatory detention without a bond hearing has therefore become arbitrary, and he is entitled to a bond hearing at which the Government bears the burden of establishing that he is a flight risk or danger to the community by clear and convincing evidence. *German Santos*, 965 F.3d at 213-14. Petitioner's habeas petition shall therefore be granted, and he shall be provided such a bond hearing within ten days.[1]

In addition to his habeas petition and temporary restraining order motion, Petitioner has also filed a motion for release pending final relief in this matter pursuant to *Lucas v. Hadden*, 790 F.2d 365, 367-68 (3d Cir. 1986), and its progeny. (ECF No. 9.) "[B]ail pending . . . habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'"

---

[1] Should Petitioner be granted release on bond, such a release shall not be construed as an admission into the United States for immigration purposes, and such release provides no legal status to remain in the United States which Petitioner did not already possess. Release on bond would also not prevent the Government from eventually taking Petitioner back into custody if and when he becomes subject to a final removal order.

*Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting *Calley v. Calloway*, 496 F.2d 701, 702 (5th Cir. 1974); *see also Pelullo v. United States*, 487 F. App'x 1, 3 (3d Cir. 2012); *Lucas v. Hadden*, 790 F.2d 365, 367 (1986). In *Landano*, the Third Circuit explained that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." 970 F.2d at 1239.

In his motion, Petitioner argues that he should be provided release pending final relief in this matter based on air quality issues causing him vague respiratory issues and throat pain, which he at least partially connects to the deployment of tear gas in an adjacent unit "a few weeks ago," as well as the general anxiety caused by prolonged detention.[2] (*See* ECF No. 9-2 at 1-2.) Petitioner does not clearly identify any specific ongoing and serious medical issue which would qualify as an extraordinary circumstance warranting bail pending final relief in this matter. *See, e.g., Landano*, 970 F.2d at 1239 (extraordinary circumstances warranting bail pending habeas review are rare, but serious and health issues such as severe diabetes progressing towards total blindness requiring treatment not available in detention could qualify). Thus, while Petitioner has shown an entitlement to relief on the merits – and the Court will grant the appropriate relief in the form of a bond hearing at which the Government bears the burden of proof by clear and convincing evidence – this Court does not find that Petitioner has presented exceptional circumstances requiring his release during the short period before that bond hearing is held, especially in light of the passage

---

[2] Petitioner also alleges facts regarding his conditions of confinement at Delaney Hall. While those allegations are relevant to this Court's conclusion that Petitioner has been held in a jail-like facility for the last several months, this Court lacks jurisdiction to address conditions of confinement in a habeas proceeding absent "extreme" circumstances, which Petitioner has not presented. *Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)).

of several weeks since the alleged tear gas incident prior to Petitioner's motion being filed. Petitioner's motion seeking release on bond prior to his bond hearing in this matter (ECF No. 9) is therefore denied without prejudice.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**, and Petitioner shall be provided a bond hearing at which the Government bears the burden of demonstrating danger or flight risk by clear and convincing evidence within ten days. Petitioner's motion seeking release pending final relief in this matter (ECF No. 9) is **DENIED WITHOUT PRJEUDICE**. An appropriate order follows.

Date: July 1, 2026

         s/ Zahid N. Quraishi
        **ZAHID N. QURAISHI**
        **UNITED STATES DISTRICT JUDGE**